Alex CLARK, John T. Magee and Robert
Turner, et al., Plaintiffs,

v.

AMERICAN MARINE CORPORATION,
a Louisiana Corporation, Defendant.

Civ. A. No. 16315.

United States District Court
E. D. Louisiana,
New Orleans Division.

April 11, 1969.

Franklin E. White, Robert Belton, New
York City, Lolis E. Elie, New Orleans,
La., for plaintiffs.

Richard C. Keenan, New Orleans, La.,
for defendant.

## REASONS FOR ORDER

RUBIN, District Judge:

In this action brought under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, and under the 1866 Civil Rights Act, 42 U.S.C. § 1981, three former employees of the American Marine Corporation, who allege that they were both discharged and refused re-employment as a result of racial discrimination, seek back pay from the time of their alleged wrongful discharge. In addition, and by separate counts of their complaint, they seek an injunction prohibiting defendant from denying equal employment opportunities to them and other Negroes similarly situated. These counts are class actions.

Rule 23 of the Federal Rules of Civil Procedure, which pertains to class actions, was amended during the pendency of this action and the amendment became effective July 1, 1966. The order of February 28, 1966, of the United States Supreme Court provided that the amended

rule would take effect July 1, 1966, and would "govern * * * all further proceedings in actions then pending, except to the extent that in the opinion of the court their application in a particular action then pending would not be feasible or would work injustice * * *" (86 S.Ct. *211*). The application of the amended rule here is entirely feasible and will work no injustice.

If well founded on the merits, this class action is clearly of the type described in Rule 23(b) (2):

"[T]he party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole."

Plaintiffs contend that the members of the class on behalf of whom this action is brought should be defined as, · " * * * other Negroes, who (1) may previously have been discharged on account of race; or (2) are presently employed or (3) who may subsequently be employed by the defendant."

■ There can be no doubt that the portion of the action that seeks injunctive relief is properly maintainable as a class action on behalf of all Negroes presently employed by defendant and those who may hereafter be employed. Jenkins v. United Gas Corp., 5 Cir. 1968, 400 F.2d 28; Oatis v. Crown Zellerbach Corp., 5 Cir. 1968, 398 F.2d 496. Defendant objects only to the inclusion of persons who may previously have been discharged on account of race. Apparently, this objection is founded at least in part upon apprehension that such persons might become entitled to automatic reinstatement or back pay by virtue of their inclusion. But the complaint, which seeks back pay only on behalf of the individually named plaintiffs, makes no mention of reinstatement, and, at the hearing, counsel for plaintiffs denied any intention to seek back pay or reinstatement for anyone other than the individually named plaintiffs. The only relief sought on behalf of Negroes previously discharged is that they be entitled as members of the class seeking injunctive relief to rely upon and be protected by any injunction that may be issued. They shall therefore be included as members of the class.

■ ·Plaintiffs suggest that notice to members of the class should not be required. The class action Rule makes notice mandatory in some cases. Rule 23(c) (2). But it contains no mandatory requirement with respect to notice when the class claim is merely one for injunctive relief under Rule 23(b) (2). However, Rule 23(d) (2) provides:

"[T]he court may make appropriate orders: * * * requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given in such manner as the court may direct to some or all of the members of any step in the action, or of the proposed extent of the judgment, or of the opportunity of members to signify whether they consider the representation fair and adequate, to intervene and present claims or defenses, or otherwise to come into the action."

A class action may of course affect the legal rights of all the members of the class. While the Rules do not make notice mandatory in class actions maintained under Rule 23(b) (2), it has been said that due process requires that those who are bound by a legal action have notice of it, and an opportunity either to be heard in it or to withdraw from it, if they should choose to do so. Eisen v. Carlisle & Jacquelin, 2 Cir. 1968, 391 F. 2d 555, 564–565; Cranston v. Freeman, N.D.N.Y., 1968, 290 F.Supp. 785, 787. *See also*, Mullane v. Central Hanover Bank and Trust Co., 1950, 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865; Advisory Committee's Note, Proposed Rules of Civil Procedure, 39 F.R.D. 98, 106–107 (1965). *Cf.*, Note, 43 Tulane L.Rev. 369 (1969).

Within 10 days plaintiff shall submit a suggestion for a proposed method of giving notice, and within 5 days thereafter,

defendant shall submit its comments and further suggestions. The court will thereafter issue a further order determining in what manner notice shall be given.