Bettye T. COPELAND, for herself and
all others similarly situated, Plaintiff,

v.

The MEAD CORPORATION, Defendant,
John Henry Denson, Intervenor.

Civ. A. No. 14044.

United States District Court,
N. D. Georgia,
Atlanta Division.

Nov. 23, 1970.

Howard Moore, Jr., Peter E. Rind-
skopf, George L. Howell, Atlanta, Ga.,
Jack Greenberg, William Robinson, New
York City, for plaintiff.

Kilpatrick, Cody, Rogers, McClatchey
& Regenstein, Atlanta, Ga., Smith &
Schnacke, Dayton, Ohio, for defendant.

## ORDER ON MOTIONS OF DEFENDANT

MOYE, District Judge.

The complaint characterizes itself as being "primarily a suit in equity authorized and instituted pursuant to Title VII of the Civil Rights Act of 1964, 42 United States Code, Section 2000e, *et seq.*" The complaint also invokes the Thirteenth Amendment to the Constitution of the United States and 42 United States Code, Section 1981 (the 1866 Civil Rights Act) in support of the relief it seeks.

Plaintiff alleges she is "a Black adult female, residing in the State of Georgia, City of Atlanta", claims that she "brings this action on her behalf and on behalf of all others similarly situated, pursuant to Rule 23(a) and (b), (1), (2), Federal Rules of Civil Procedure" and seeks injunctive relief on behalf of plaintiff "and the class she represents" prohibiting defendant from continuing or maintaining any policy, practice, custom and usage of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the right of plaintiff to equal employment opportunities on the basis of race or color, similar relief prohibiting defendant from depriving or withholding from plaintiff and her class opportunities for employment, for promotion and advancement and for on-the-job training and monetary relief based upon what plaintiff and the class allegedly would have earned except for defendant's allegedly discriminatory practices. Plaintiff also seeks a declaratory judgment that defendant's alleged practices violate the Civil Rights Act of 1964, and seeks costs and attorney's fees.

With regard to her own, individual situation, plaintiff alleges she was employed by defendant as a production worker at Plant No. 1, sought transfer to office employment, and in the course thereof successfully completed a course in Key Punch operation "for which defendant reimbursed plaintiff seventy-five (75) percent of the tuition costs", having been assured by defendant prior thereto that she would be promoted to a trainee position as keypunch operator upon successful completion of such course, but that defendant, nevertheless, has failed and refused to so promote plaintiff, allegedly because of her race or color. The complaint then alleges a diverse multitude of discriminatory actions by defendant based upon the race or color of its employees.

Intervenor Denson, "a Black citizen of the United States and the State of Georgia, residing in the City of Atlanta, Georgia" also was employed by defendant, and on April 28, 1969, sought promotion from his position as baler helper and baler operator at Plant No. 1 to a position as coater control inspector, presumably at the same plant. Intervenor alleges that "a vacancy in the position of coater control inspector had existed since February 10, 1969, although plaintiff only learned of the vacancy just prior to the time of his application" on April 28, 1969. Denson then alleges that "On August 28, 1969 (this is probably a typographical error as the answer to the intervention shows the position was filled on April 28, 1969), defendant hired a new employee, a Royce Russell, a caucasian, to fill the position of coater control inspector", and denied plaintiff's application for promotion.

Denson further alleges his discharge from employment as a result of a series of reprimands, all of which allegedly resulted from a failure to report to work or provide satisfactory excuse for such failure notwithstanding the submission of a doctor's statement such as allegedly would have avoided the issuance of a reprimand to a white employee.

Denson alleges his failure to receive a promotion, and his discharge, to be due to racially discriminatory practices of the defendant violating Title VII of the Civil Rights Act of 1964.

Both Plaintiff and Intervenor allege receipt of 30-day letters from the Equal Employment Opportunity Commission.

Defendant, The Mead Corporation, answered both the complaint and the intervention (to which it did not object) and as to both moved:

1. To dismiss insofar as the complaint and intervention purport to bring a class action for failure to state a claim as to class action upon which relief may be granted;

2. To dismiss insofar as they purport to state a claim for relief pursuant to 42 U.S.C. Section 1981 for failure to state a claim;

3. To dismiss insofar as they purport to seek declaratory judgment relief pursuant to 28 U.S.C. Section 2201 *et seq.* for failure to state a claim; and

4. To dismiss insofar as they purport to state a claim pursuant to the Thirteenth Amendment to the Constitution of the United States for failure to state a claim.

5. The defendant also moved to dismiss and strike portions of paragraphs VIII and IX of plaintiff Copeland's complaint on the ground that the discriminatory practices alleged therein are not within the ambit or periphery of plaintiff's original change of discrimination filed with the EEOC, copy of which is attached to defendant's motion.

6. Defendant also moves to strike and physically expunge the allegations and prayers of the complaint and intervention which are subject to its hereinabove-described motions to dismiss on the ground that such material is immaterial, impertinent and scandalous.

Defendant's motions will be considered seriatim.

1. *Defendant's motion to dismiss the complaint and intervention insofar as they purport to bring a class action for failure to state a claim as to class action upon which relief may be granted.*

There are obvious factual differences with respect to the effect of defendant's employment practices upon plaintiff as compared to intervenor, and, presumably as compared to others in the claimed class. Nevertheless, it appears that plaintiff (and, by incorporation, intervenor) is alleging at least a plant-wide corporate animus resulting in various forms of discrimination against its Black employees (present and former, perhaps future). While the Court has considerable uncertainty as to the scope, bounds and content of the class sought to be represented, the operative allegations here appear to be quite similar to those in Johnson v. Georgia Highway Express, Inc., 47 F.R.D. 327, in this Court, which the Court of Appeals for the Fifth Circuit has construed to constitute an "across the board" attack on unequal employment practices. Johnson v. Georgia Highway Express, Inc., 417 F.2d 1122; 1124 (5th Cir. 1969). The Court of Appeals held that individual differences in the effect of the alleged unequal employment practices do not impair the prayer for class action relief. Like Judge Lawrence in Hart v. Buckeye Industries, Inc., 46 F.R.D. 61, 62 (U.S. D.C.S.D.Ga., 1968), and Chief Judge Smith in King v. Georgia Power Company, 295 F.Supp. 943, 948 (U.S.D.C.N.D. Ga., 1968), we believe more precise formulation of the boundaries between class action and individual redress can await further evidentiary development, and defendant's motion to dismiss is, in this regard, denied.

On brief (p. 4) defendant requests that the Court "at least hold in abeyance, pending completion of discovery, any order pursuant to Rule 23(c) (1) determining that this action can be maintained as a class action * * * *" The denial of defendant's motion to dismiss the class action aspects of the complaint and intervention constitutes a finding, at least at this point in the proceedings, that the action is maintainable as a class action. However, Rule 23(c)

(1) provides that such order may be conditional, and may be altered or amended before decision on the merits, and the Court hereby specifically reserves the right to alter or amend this order in such respects if subsequent discovery or events indicate the desirability, in the interests of justice, of such alteration or amendment.

2. *Defendant's Motion to Dismiss Insofar as the Complaint and Intervention Purport to State a Claim for Relief Pursuant to 42 U.S.C. Section 1981 for Failure to State a Claim.*

The question raised by this motion was specifically answered contrary to defendant's position in Sanders v. Dobbs Houses, Inc., 431 F.2d 1097, decided by the Court of Appeals for the Fifth Circuit on August 28, 1970. Defendant's motion is denied.

3. *Defendant's Motion to Dismiss the Complaint and Intervention Insofar as they Purport to Seek Declaratory Judgment Relief for Failure to State a Claim.*

The Court declines at this relatively early stage in the proceedings to tie its hands with respect to what relief, if any, may in the end be most appropriate. Defendant's motion is denied.

4. *Defendant's Motion to Dismiss the Complaint and Intervention Insofar as they Purport to State a Claim Pursuant to the Thirteenth Amendment to the Constitution of the United States.*

While it appears to the Court that the substance of the factual cause or causes of action which plaintiff and intervenor seek to allege are covered by Title VII of the Civil Rights Act of 1964, and 42 U.S.C. Section 1981, as construed in Sanders v. Dobbs House, Inc., *supra*, and that the Thirteenth Amendment does not relate to what is alleged factually, nevertheless the Court is not willing at this time to strike the reference in the Com-

plaint to that Amendment, nor does the Court see that such action would benefit defendant. Defendant's motion is denied without prejudice at this time.

5. *Defendant's Motion to Strike Portions of Paragraphs VIII and IX of Plaintiff Copeland's Complaint.*

In King v. Georgia Power Co., *supra*, 295 F.Supp. 947, the scope of a Title VII civil action was held to be confined "to that range of issues that would have been the subject matter of the conciliation between the EEOC and the employer." Here plaintiff's amended charge dated May 13, 1969 (Exhibit B to defendant's motion), in part states:

"I contacted Personnel on Monday May 5, 1969 regarding the possibility of a transfer and promotion from the Production Department to the Office after successfully completing a Key Punch Training Course. I had been assured by Mr. Brantley (Data Processing Supervisor) of a Trainee position if I successfully completed the program.

"Personnel informed me that experienced personnel would be considered over me for the job although I know whites have been given this opportunity without experience.

"I wish also to complain about other unjust treatment in that Negro female employees are assigned dirtier and heavier work than white females and Negro employees are reprimanded more severely than white employees for similar infractions."

Intervenor's charge dated May 7, 1969 (Exhibit C to defendant's motion), states:

"On or about 4–21–69 I was told by Bob Irvin of the employment office that I would receive preference over all outside applicants for the vacant position of Coater Control Inspector which would have represented an up-

grade for me. I have reason to believe that I am qualified for the referenced classification because of my training and experience at Mead. On 4–28–69 a white person from the outside was hired for the Coater Control Inspector job. In rejecting me I believe that the Company is attempting to limit the number of Negroes entering the higher rated classifications.

"I wish to also complain about other unequal treatment to which Negro employees are subjected. On or about 4–7–69 I was involved in an automobile accident and was hospitalized in Thomson, Ga. The Company was informed of my hospitalization by relatives of mine. Nevertheless, when I returned to work I was given a disciplinary notice which stated that I failed to give a satisfactory reason for being absent from work. I was given the disciplinary notice notwithstanding the fact that I submitted a statement from my physician. It is my belief that a white employee, similarly situated, would not have been similarly treated."

██ The basic complaint in both charges is that white personnel receive preferential treatment from defendant as compared to black personnel. The conciliation efforts of the EEOC necessarily would have involved consideration of whether such unequal treatment did in fact exist. We construe the portions of Paragraphs VIII and IX in plaintiff Copeland's complaint which are the subject of the instant motion as merely alleging different facets of the same problem, as therefore being of like character to her basic charge, and deny defendant's motion.

6. *Defendant's Motion Physically to Expunge.*

In view of the above rulings, defendant's motion physically to expunge becomes moot and is denied.

So ordered.