Randy HARVEY, Plaintiff,

v.

INTERNATIONAL HARVESTER COM-
PANY (Motor Truck Division, San
Leandro Works), Defendant.

No. C-70 2183 ACW.

United States District Court,
N. D. California.

Aug. 17, 1972.

Gary J. Grimm, Stephen E. Ronfeldt, Miriam Morse, Russell W. Galloway, Jr., Legal Aid Society of Alameda County, Oakland, Cal., for plaintiff and intervenors.

Pillsbury, Madison & Sutro, William L. Diedrich, Jr. and Bruce A. Nelson, San Francisco, Cal., for defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR CERTIFICATION OF THE PLAINTIFF CLASS AND FOR LEAVE TO FILE AMENDED COMPLAINT, AND INTERVENORS' MOTIONS TO INTERVENE AS PLAINTIFFS.

WOLLENBERG, District Judge.

In this employment discrimination suit, plaintiff seeks to have a broadly defined class certified which would include anyone who might have been or be discriminated against by the defendant at their San Leandro plant on account of

race, color, or national origin. Defendants argue strenuously that no class is appropriate, and certainly not one so broadly defined. In any event, defendants urge that the class be restricted to injunctive relief and not be permitted with respect to damage claims. Several individuals who allegedly fall within the broad class definition sought by plaintiff seek to intervene on the basis that it is desirable to broaden the representation of the class to include persons of various ethnic backgrounds and to include present as well as discharged employees. The amended complaint would broaden the charges to include discrimination against all minority groups, not just Blacks.

■ The difficult problem in the Rule 23 motion is the usual one of trying to predict in advance of the fact just how much there is in the way of common factual and legal issues in contrast to the individualized issues that will be peculiar to the case of each class member. Rather than order evidentiary hearings to attempt to determine that issue, among others, prior to certification, it appears more suitable at this point to certify the class sought by plaintiff, allow full discovery to proceed, litigate the claims for injunctive relief, and then, prior to entertaining the individual damage claims, reassess the matter in light of the information that is then available. It would be possible at that point to limit the class to equitable relief and so that damages could be pursued in separate actions, or to allow claims to then be filed and tried to the extent necessary. The Court is satisfied that the basic requirements of a class action for injunctive relief have been made out, and that a broad class composed of all persons subjected to racial discrimination at the defendant's San Leandro plant is appropriate under the circumstances.

■ With respect to the intervention motion, the plaintiff's position that this motion must be viewed in conjunction with the broad class definition seems essentially correct. Whether there are multiple class representatives or only one will not greatly affect the conduct of the litigation, and the presence of a number of representatives variously situated in the class might facilitate a sub-division of the class should that become necessary.

Accordingly, it is ordered.

1) Pursuant to Rule 23(c)(1), this action may be maintained as a class action under Rule 23(b)(2) on behalf of the class of plaintiffs defined as follows:

"All persons who are members of racial or ethnic minorities, including but not limited to Blacks, Spanish Surnamed, Orientals and Native Americans, and who have been employed, are employed or may in the future be employed by defendant, INTERNATIONAL HARVESTER COMPANY (MOTOR TRUCK DIVISION, SAN LEANDRO WORKS) at its plant located in San Leandro, California and who have been, are presently being or may in the future be adversely affected by employment practices of defendant which discriminate on the basis of race, color, or national origin;

2) That this ruling on maintenance of the class is provisional and is subject to modification at any time prior to a decision on the merits;

3) That the respective motions to intervene as plaintiffs are granted; and

4) That the motion for leave to file an amended complaint heretofore lodged with the Court is granted.