**Taft B. TURNER, Jr., Plaintiff,**

v.

**SEABOARD COAST LINE RAILROAD COMPANY, Defendant.**

**Civ. No. 4274.**

United States District Court,
E. D. North Carolina,
Raleigh Division.

April 23, 1974.

Jerry W. Leonard, Raleigh, N. C., for plaintiff.

Thomas F. Ellis, Frank P. Ward, Jr., Maupin, Taylor & Ellis, Raleigh, N. C., for defendant.

DUPREE, District Judge.

The plaintiff, Taft B. Turner, Jr., brings this action against his employer to redress and enjoin alleged racial discrimination relating to terms and conditions of employment. The cause arises under Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e et seq.) and purports to be a class action. The defendant, Seaboard Coast Line Railroad Company, has filed motions to dismiss and, alternatively, to stay discovery, and objections to interrogatories. These motions are now before the court for rulings.

The motion to dismiss is based upon the failure of plaintiff to join as a party defendant the United Transportation Union (hereinafter "UTU"), said by defendant to the indispensable to this lawsuit. Counsel for the defendant has informed the court that defendant will attempt to show that any conduct of defendant alleged to be discriminatory was conduct dictated by defendant's collective bargaining agreement with UTU, specifically the section relating to seniority. Furthermore, counsel argues that if plaintiff is granted the relief he seeks, presumably a higher-paying position with back pay for himself and his class, then as a practical matter, the rights of UTU and certain of its members under the seniority provision of the contract will be adversely affected. Finally, while plaintiff through counsel has informed the court that plaintiff will not challenge the validity of the union contract, it seems unlikely that if plaintiff proves racial discrimination (i. e., failure to hire Negroes) in the past, he will be content to allow the seniority provision of the contract to continue, unchallenged, the effect of that racial discrimination into the future.

The force of much of this argument depends upon the cause being maintainable as a class action. If a class action is permitted, the class being all Negroes employed by the defendant

in North Carolina, it may well be that UTU, as well as many other unions (UTU represents only the yard employees of defendant) will be parties necessary to this litigation. *See, e. g.* Neal v. System Board of Adjustment, 348 F.2d 722 (8th Cir. 1965). However, as will more fully appear hereafter, the defendant has raised substantial doubt in the court's mind as to the maintainability of a class action. Thus the court must proceed, at this point, on the assumption that a class action is not maintainable. As to Taft Turner's individual action, he alleges that he was discriminated against on the basis of race with respect to a layoff lasting approximately four months (prior to the layoff plaintiff had approximately fourteen days' seniority), with respect to medical benefits following an injury plaintiff received on the job, and with respect to a request by plaintiff for a transfer to a position commensurate with his physical condition. Of these allegations, only the layoff incident raises, on its face, the question of seniority rights under the contract. It is not clear, at this point, whether plaintiff's contention on this issue will in any way challenge the seniority system. The plaintiff may attempt to show, for example, that there were a number of other employees whose seniority was the same as or less than his own, and that of these a disproportionate number of black employees were laid off. It suffices to say that the facts have not yet been developed to the point where the court is able to determine whether Rule 19 requires that UTU be made a party to this action. *See* Torockio v. Chamberlain Manufacturing Company, 51 F. R.D. 517, 519 (W.D.Pa.1971). And as it does not appear that UTU is beyond the jurisdiction of this court, the motion to dismiss will be overruled. However, the question of joinder of UTU will be considered at a later date if that becomes necessary.

■ Defendant's other motion, to stay discovery, along with its objections to interrogatories are interposed to protect defendant from the "annoyance, embarrassment, oppression, undue burden and expense" of answering interrogatories which may later prove to be irrelevant. The particular interrogatories objected to are apparently calculated to produce evidence on the merits in support of claims by members of the class which plaintiff purports to represent. Defendant concedes that interrogatories calculated to produce evidence as to the maintainability of a class action would be proper, but argues that the interrogatories challenged here, directed at the merits rather than maintainability, will not be proper unless and until the issue of class action *vel non* has been determined in plaintiff's favor. See 1 Pt. 2 Moore's Fed.Prac., Pt. 1.40, at 25. The argument has special merit in the present case since defendant has raised substantial doubt as to the maintainability of a class action. Counsel for defendant informs the court that a number of Title VII actions similar to this one are pending against defendant in other districts, including the Middle District of North Carolina. All of these actions purport to be class actions, and if one or more of them is held to be a class action, then an overlapping class in this district would clearly be improper. Because of the substantial possibility that a class action cannot be maintained here, defendant should be spared the rather burdensome task of relying directly to plaintiff's interrogatories. However, defendant will presumably be engaged in similar discovery in the Middle District, and the effort which will be involved in supplying counsel for plaintiff with copies of that discovery will be minimal. Therefore, the court will order defendant to do so. Furthermore, there is no reason why plaintiff should not be permitted to continue with discovery here to the extent necessary to prepare his individual claim and to obtain evidence as to the maintainability of the class action.

Accordingly, the motion to dismiss is overruled without prejudice to consider-

ation by the court at some later date as to whether certain persons should be made parties to this action pursuant to Rule 19. The objection to interrogatories is sustained upon condition that defendant supply counsel for plaintiff with copies of all discovery growing out of its Title VII litigation in the Middle District of North Carolina. Upon the same condition, defendant will not be required to answer the interrogatories propounded by plaintiff on June 20, 1973, unless and until this cause is held to be a class action.

So ordered.