Johnnie G. JONES et al.,
Plaintiffs,

v.

MILWAUKEE COUNTY, a Municipal Corporation, et al., Defendants.

No. 74-C-374.

United States District Court,
E. D. Wisconsin.

Sept. 26, 1975.

Patrick O. Patterson, Milwaukee, Wis., Richard M. Klein, Larry Farris of Milwaukee Legal Service, Milwaukee, Wis., for plaintiffs; Marilyn R. Walter of National Employment Law Project, New York City, of counsel.

Robert P. Russell, Corp. Counsel, by David J. Siler and Patrick J. Foster, Asst. Corp. Counsels, Milwaukee, Wis., for defendants.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The five named plaintiffs in this action have moved for an order declaring this action maintainable as a class action under Rule 23(b)(2), Federal Rules

of Civil Procedure, on behalf of the class defined as follows:

> "All Black, Spanish-surnamed, and American Indian persons who are capable of performing, or of being trained to perform, the work in positions in the classified service of Milwaukee County, and who have been denied employment in or transfer or promotion to, or who have been discouraged from applying for employment in or transfer or promotion to, such positions because of their race or national origin."

The action seeks declaratory, injunctive, and other relief from alleged unlawful discriminatory practices with respect to employment, transfer, and promotion of black and other minority persons in the classified service of Milwaukee County. It is brought under Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Opportunity Act of 1972, 42 U.S.C. § 2000e et seq.

The defendants oppose maintenance of the action on behalf of the proposed class, arguing that the bounds of the class are not precisely drawn, that the named plaintiffs are not representative of the proposed class, and that the class fails to meet the requirement that there exist questions of law and fact common to the class. I hold that the action is maintainable as a class action on behalf of the class the plaintiffs have defined.

■ Rule 23(a), Federal Rules of Civil Procedure, provides that:

> "[o]ne or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."

I believe the proposed class is sufficiently well-defined and identifiable and therefore reject the defendants' contention that its bounds are ill-defined. The class which was established in *Crockett v. Green,* 388 F.Supp. 912 (E. D.Wis.1975), was composed of "all blacks who are either capable of performing the work in the [Milwaukee municipal and school board] 'skilled craft' positions . . . or capable of being trained to perform said work and who have been or will be denied employment in said 'skilled craft' positions because of their race." The inclusion of Spanish-surnamed and American Indian persons in the proposed class in the action at bar in no way reduces the precision of its definition. The defendants argue that the classified service includes a wide variety of dissimilar positions, but the same type of variety was presented by the 136 job classifications included within the "skilled craft" definition in *Crockett.* The inclusion of those "who have been discouraged from applying" because of discrimination is no more imprecise than the inclusion of those who "will be denied employment" was in *Crockett.*

■ The defendants' contention that the named plaintiffs are not representative of the proposed class is based on the absence of any named plaintiffs who are either Spanish-surnamed or American Indians. The purpose of the adequate representation requirement is to ensure that the class will be represented by a competent attorney, and to "eliminate so far as possible the likelihood that the litigants are involved in a collusive suit or that plaintiff has interests antagonistic to those of the remainder of the class." *Eisen v. Carlisle and Jacquelin,* 391 F.2d 555 (2d Cir. 1968). The United States court of appeals for the seventh circuit has held that "[a] suit for violation of Title VII is necessarily a class action as the evil sought to be ended is discrimination on the basis of a class characteristic, *i. e.,* race, sex, religion or national origin." *Bowe v.*

*Colgate-Palmolive Company*, 416 F.2d 711 (7th Cir. 1969).

██ The defendants have not disputed the named plaintiffs' position that their claims are typical of the claims of otherwise similarly situated Spanish-surnamed and American Indian persons. Black plaintiffs are not precluded from representing a class in a Title VII action which contains persons of other minority racial and ethnic groups. *National Organization for Women v. Bank of California* (N.D.Cal.1972); *Harvey v. Int'l Harvester Co.*, 56 F.R.D. 47 (N.D.Cal. 1972); *Penn v. Stumpf*, 308 F.Supp. 1238 (N.D.Cal.1970). Accordingly, the defendants' challenge to the proposed class based on inadequate representation will be denied.

██ ██ The defendants argue that each of the positions in the classified service has standards and qualifications which are peculiar to it, and that all the questions of law and fact will not be the same for every job in the classified service. Rule 23(a)(2) and Rule 23(b)(2) do not, however, require that all questions of law and fact be identical with respect to all members of the class. *Like v. Carter*, 448 F.2d 798 (8th Cir. 1971), cert. denied 405 U.S. 1045, 92 S.Ct. 1309, 31 L.Ed.2d 588. As distinguished from Rule 23(b)(3), they do not even require that common questions predominate over individual questions. They only require that common questions exist, and that "the party opposing the class has acted or refused to act on grounds generally applicable to the class." I believe the plaintiffs have met these requirements by their across-the-board attack on the defendants' employment policies. See *Sullivan v. Winn-Dixie Greenville, Inc.*, 62 F.R.D. 370 (D.C.S.C.1974).

Therefore, IT IS ORDERED that the plaintiffs' motion for an order declaring this action maintainable as a class action under Rule 23(b)(2), Federal Rules of Civil Procedure, be and hereby is granted; said class is defined to include the following:

All black, Spanish-surnamed, and American Indian persons who are capable of performing, or of being trained to perform, the work in positions in the classified service of Milwaukee County, and who have been denied employment in or transfer or promotion to, or who have been discouraged from applying for employment in or transfer or promotion to, such positions because of their race or national origin.