Andrew WILLIS, Individually and on behalf of all others similarly situated,
Plaintiff,

v.

CHICAGO EXTRUDED METALS COMPANY, a corporation, and Allied Industrial Workers of America, AFL–CIO Local 717, an unincorporated association, Defendants.

No. 72 C 1400.

United States District Court,
N. D. Illinois.

May 1, 1974.

Klink & Klink, Chicago, Ill., for plaintiff.

Lester Acher and Marvin Gittler, Chicago, Ill., for defendant Chicago Extruded Metals.

## MEMORANDUM OPINION AND ORDER

BAUER, District Judge.

This cause comes on the defendant Chicago Extruded Metal Company's ("Extruded Metals") motion to strike and dismiss. This is an action to redress alleged deprivation of the plaintiff's civil rights pursuant to the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the Civil Rights Act of 1870, 42 U.S.C. § 1981. This Court is alleged to have jurisdiction under 42 U.S.C. § 2000e–5(f), 29 U.S.C. § 301(a), 28 U.S. C. §§ 1331 and 1343, and 42 U.S.C. § 1985.

The plaintiff Andrew Willis is a Negro citizen of the United States residing in Chicago, Illinois. The defendants are the former employer of Andrew Willis, Chicago Extruded Metals Company ("Extruded Metals"), an Illinois corporation having its principal place of business in Chicago, Illinois, and the plaintiff's former union, Allied Industrial Workers of America, AFL–CIO, Local # 717 ("Local 717"), a labor organization within the meaning of 29 U.S.C. § 152(5) of the Labor Management Relations Act.

The plaintiff, in his amended complaint, alleges the following facts, *inter alia*:

1. Plaintiff Andrew Willis brings this action on his own behalf and on behalf of all other persons similarly situated pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure. The class which plaintiff represents is composed of all Negroes

   (a) who were or are members of Local 717;

   (b) who will apply for membership or become members of Local 717;

   (c) who were, are, or will be represented by Local 717;

   (d) who have sought or will seek employment with Extruded Metals; and

   (e) who were or are employed by Extruded Metals.

2. The defendant Local 717 conspired with the defendant Extruded Metals to make possible racially discriminating employment practices.

3. The defendants have discriminated against Andrew Willis because of his race and color by denying him equal opportunity for employment retention and advancement. Further the defendants have prevented the plaintiff from exercising his rights under employment contracts and from receiving equal treatment under the applicable collective bargaining agreement.

4. More specifically, on or about March 19, 1971, at approximately 2:45 a. m., plaintiff Andrew Willis was working the night shift for Extruded Metals when he received a telephone call from his daughter asking him to come home as his grandchild was very sick. The plaintiff was unsuccessful in locating a foreman or supervisor in order to obtain permission to leave, so he left the plant after notifying his fellow workers of his intentions. In his haste to aid his grandchild the plaintiff forgot to "punch out". On that same day, March 19, 1971, the defendant Extruded Metals, without any hearing, fired the plaintiff Andrew Willis.

5. The plaintiff has fully complied with all procedural requirements of Title VII. A timely complaint was filed with the Equal Employment Opportunity Commission

(EEOC) within 210 days of the alleged unlawful employment practices, more than sixty days after referral of the charges to the Illinois Fair Employment Practice Commission, and the instant action was filed within 30 days from the date plaintiff received notification from EEOC of his right to sue.

The plaintiff seeks damages for lost wages and additional damages in the amount of $100,000 for emotional harm, degradation and humiliation, $100,000 exemplary damages, plus the cost of maintaining the instant law suit.

More specifically, in Count I of the complaint the plaintiff alleges that the defendant company follows and maintains "a racially discriminating policy of hiring, firing and promoting Negro workers" by means of putting into effect "a formal or informal quota system for the purpose of limiting the percentage and numbers of Negro workers", by requiring "qualified Negro workers to be sponsored by a Chicago Extruded employee in order to be eligible for employment", by establishing "a discriminatory layoff system" and by establishing "a promotional and seniority system limiting the employment and promotional opportunities of Negro employees". In Count II of the complaint the plaintiff alleges that the defendant company discharged the plaintiff and entered into a conspiracy with the defendant union to prevent the plaintiff from exercising his rights under the collective bargaining agreement because of his race. In Count III of the complaint plaintiff alleges that the defendant union violated its duty of fair representation under the National Labor Relations Act by entering into a conspiracy to deprive plaintiff of his rights under the collective bargaining agreement.

The defendant company in its instant motion contends that the allegations contained in Count I of the amended complaint so materially deviate from the gravamen of the charge filed by the plaintiff with the EEOC that the plaintiff has utterly failed to exhaust the administrative remedies under the Civil Rights Act of 1964 with respect to all issues contained in Count I and thus this Court has no jurisdiction over the subject matter of that count.

In support of its instant motion to strike and dismiss Count I of the amended complaint the defendant Extruded Metals contends that:

1. The subject matter of Count I is not included or related to the allegations contained in the charge filed with the EEOC.

2. The District Court has no jurisdiction over allegations which extend beyond the scope of the charge filed with the EEOC.

3. The claimed jurisdiction of this Court under Title 42 U.S.C. § 1981 does not allow matters to be pleaded outside the scope of the original charge filed with the EEOC.

The plaintiff in opposition to the instant motion contends that this Court has jurisdiction over Count I of the amended complaint.

This Court in its *Memorandum Opinion and Order* dated April 25, 1973 found that this Court has jurisdiction under 42 U.S.C. Section 2000e et seq. and that the plaintiff's amended complaint properly states a cause of action under the Civil Rights Act of 1870, 42 U.S.C. § 1981. See Willis v. Chicago Extruded Metals Company, 358 F.Supp. 848 (N.D.Ill.1973). It is the opinion of this Court that the instant motion is without merit and that this Court has jurisdiction over Count I of the instant amended complaint.

█ It is well settled that when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge before the EEOC. See Oubichon v. North American Rockwell Corporation, 482 F.2d 569 (9th Cir.

1973); Danner v. Phillips Petroleum Co., 447 F.2d 159 (5th Cir. 1971); Tipler v. E. I. du Pont de Nemours & Co., 443 F. 2d 125 (6th Cir. 1971); Sanchez v. Standard Brands, Inc., 431 F.2d 455 (5th Cir. 1970); Taylor v. Safeway Stores, Inc., 333 F.Supp. 83 (D.Colo. 1971); Garneau v. Raytheon Co., 323 F.Supp. 391 (D.Mass.1971); Sciaraffa v. Oxford Paper Co., 310 F.Supp. 891 (D.Me. 1970); Logan v. General Fireproofing Co., 309 F.Supp. 1096 (S.D.N. C.1969); King v. Georgia Power Co., 295 F.Supp. 943 (N.D.Ga.1965); note, "Developments in the Law-Employment Discrimination and Title VII of the Civil Rights Act of 1964", 84 Harv.L.Rev. 1109 (1971); cf. Macklin v. Spector Freight Systems, Inc., 156 U.S.App.D.C. 69, 478 F.2d 979 (1973).

To force an employee to return to the EEOC every time he claims a new instance of discrimination in order to have the EEOC and the courts consider the subsequent incidents along with the original ones would erect a needless procedural barrier. Cf. Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed. 2d 679 (1972).

■ Two competing policies must be weighed in determining whether there is a material variance between charges which have been filed with the EEOC and the allegations of the complaint in a subsequent court suit. The first is that an EEOC charge must sufficiently inform the commission of the nature of the alleged unlawful practices so that it can make a reasonable attempt at the "conciliation" contemplated by the Civil Rights Act. See Edwards v. North American Rockwell Corp., 291 F.Supp. 199 (C.D.Cal.1968). To permit a civil action based upon allegations other than those presented to the Commission would permit a plaintiff to bypass the conciliation procedures of the Act and thereby to frustrate its purposes. See Stebbins v. Nationwide Mutual Insurance Company, 382 F.2d 267 (4th Cir. 1967), cert. denied, 390 U.S. 910, 88 S. Ct. 836, 19 L.Ed.2d 880 (1968). Accordingly, courts have ruled that the complaint in a court suit cannot be based upon wholly new derelictions which were not presented to or considered by. the Commission. See Edwards v. North American Rockwell Corp., *supra.*; cf. Stebbins v. Nationwide Mutual Insurance Company, *supra.*

■■ On the other hand, the Civil Rights Act is designed to protect those who are least able to protect themselves. Complainants to the EEOC are seldom lawyers.[1] To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected.[2] The correct rule is that the complaint in the civil action is confined to those issues which the original complainant has standing to raise, but may properly encompass any such discrimination like or reasonably related to the allegations of the EEOC charge or growing out of such allegations during the pendency of the case before the Commission. Stebbins v. Nationwide Mutual Insurance Company, *supra.*

It is against this background that the courts have generally required no more than that the charge provide the Commission with general notice of the mat-

---

1. In recognition of this fact, the EEOC provides a simple charge form which allows space for only a brief factual summary of the alleged grievance.

2. The plaintiff, a black man with less than an eighth grade education, contends that he told the EEOC the most recent unfair thing that happened to him. The plaintiff stated to the EEOC that he received an emergency phone call and left work forgetting to punch out; that prior to returning to work he received a telegram telling him that he had been fired, and that sometime later the union president persuaded him to forgo arbitration and that this was done notwithstanding the fact that he had almost 28 years of service as an employee of the defendant.

ter to be investigated, and that the issues properly presented in a subsequent court action may include those which grow out of or are reasonably related to the Commission's investigation.

■ Applying the foregoing principles to the present case, this Court is satisfied that the allegations of the complaint are sufficiently related to the EEOC charges to permit this action to proceed.[3] It is true that the allegations of Count I of the amended complaint are broader than those in the plaintiff's EEOC charge. The charge filed with the EEOC alleged a discriminatory discharge because of race. The plaintiff did not expressly allege that his discharge was the consequence of a policy and practice of limiting, segregating, classifying, and discriminating against blacks in a way which jeopardizes the jobs of blacks and their employment opportunities as detailed in Count I of the amended complaint. However, the EEOC charges simply stated in laymen's language the "unfair thing that happened"[4] to the plaintiff, that is, the discriminatory discharge, without attempting to specify the underlying causes of the alleged discriminatory acts, that is, the alleged discriminatory employment policy and system maintained by the company and the union. Moreover, the Commission accepted the charges as the basis for a comprehensive investigation, as a result of which it found reasonable cause to believe that the plaintiff's discharge was the result of the underlying patterns of discrimination alleged in the instant complaint.[5] It is evident that the brief statement of facts in the charges filed with the Commission gave it sufficient notice of the nature of discrimination complained of so that it was able to make the investigation and conciliation efforts contemplated by the Act. It is clear that the issues raised by the present amended complaint are well within the compass of those which could be developed from the facts alleged by the plaintiff in his charge filed with the EEOC.

Under the circumstances disclosed by the present record, this Court cannot say that there is such a fatal material variance between the EEOC charges and the allegations of Count I of the amended complaint that the plaintiff must be denied his day in court.

Accordingly, it is hereby ordered that the defendant's motion to strike and dismiss Count I of the amended complaint is denied.

---

3. The plaintiff in his charge of discrimination to the EEOC states:
   "I have been employed by the above named employer for 27 years and 10 months.
   On March 19, 1971, I received an emergency phone call and left work forgetting to punch out.
   On March 22, 1971, I was notified by telegram that I was being terminated for failing to punch out.
   On March 24, 1971, the union president of the above listed union encouraged me to sign a waiver of arbitration regarding this matter.
   I believe I have been discriminated against because of my race, black, in that

I do not believe a white employee would have been similarly treated by both the company and the union."
See defendant's Appendix A.

4. The EEOC form simply requires the complaint to "Explain what unfair thing was done to you. How were other persons treated differently?"

5. It has been held that the EEOC decision to process a charge is a significant factor in determining whether the charge is adequate. Cox v. United States Gypsum Co., 409 F.2d 289 (7th Cir. 1969); Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968).