Terry **KENNEWEG** and Cathy
Love, Plaintiffs,

v.

**HAMPTON TOWNSHIP SCHOOL
DISTRICT, Defendant.**

Civ. A. No. 77–97.

United States District Court,
W. D. Pennsylvania.

Oct. 20, 1977.

Shelley W. Elovitz, Pittsburgh, Pa., for plaintiffs.

Lee A. Donaldson, Jr., Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, District Judge.

Plaintiffs, Terry Kenneweg and Cathy Love, filed this suit on February 15, 1977 alleging that the defendant, Hampton Township School District, discriminated against them by adopting higher pay scales for male coaches of male sports than for female coaches of female sports in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Jurisdiction is invoked pursuant to 42 U.S.C. § 2000e-5(f).

The facts precipitating this action are as follows: Plaintiffs have been employed by the defendant since the 1970–1971 school year and continuing through the 1976–77 school term. Plaintiff Kenneweg is a swimming coach and a girls' basketball coach. Plaintiff Love is a girls' gymnastic coach and a girls' volleyball coach. Since the 1970–1971 school year, the defendant school district has used a higher pay scale for coaches of male sports than for coaches of female sports, according to defendant's uncontroverted Exhibit A, which is a list of the salary scales for coaches then in effect between defendant and the Hampton Township Education Association.

On April 3, 1975 the Pennsylvania State Education Association ("PSEA") on behalf of plaintiffs filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that defendant discriminated against plaintiffs on the basis of sex. On August 19, 1975 the EEOC made a determination as to the reasonable cause of the charge filed. The United States Department of Justice notified the plaintiffs on November 10, 1976 of their right to institute suit within ninety days.

Presently before the court are defendant's motion to dismiss and plaintiffs' motion to amend their complaint. Various memoranda have been submitted by the parties, and we heard oral arguments on both motions.

### Amending the Complaint

We will examine the motion to amend first, as our ruling on that motion could effect the basis for the motion to dismiss.

Plaintiffs seek to include in their complaint, by amendment, an allegation of assignment of inferior working conditions to women in that the plaintiffs are forced to labor under inferior conditions, places and hours when compared with those assigned to their male counterparts.

At the very heart of Title VII is conciliation through informal compliance with the law. *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826 (5th Cir. 1975). The purpose of the charge of discrimination with EEOC in the statutory scheme of Title VII is to trigger investigatory and conciliatory procedures of the EEOC. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455 (5th Cir. 1970).

This purpose of Title VII forms the rationale for the familiar rule that the scope of the judicial complaint is limited to the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination. *Sanchez, supra; Ostapowicz v. Johnson Bronze Co.*, 541 F.2d

394 (3rd Cir. 1976). Allegations in a judicial complaint filed pursuant to Title VII "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission." *King v. Georgia Power Co.*, 295 F.Supp. 943, 947. (N.D.Ga.1968).

■ Plaintiffs' charge with the EEOC triggered an investigation relating only to a charge of possible discrimination in wages based on coaching duties, according to the EEOC determination letter (Plaintiffs' Exhibit A). This investigation had to form the basis of the conciliation process. Now plaintiffs want us to assume jurisdiction over their allegations of discrimination regarding working conditions.

In their motion to amend complaint, plaintiffs themselves state that the existence of this violation was based on an independent investigation conducted by counsel and not based on information received by counsel from the EEOC. The issue of inferior working conditions was never before the EEOC.

What has not been part of an EEOC investigation cannot be part of a conciliation attempt. The civil action must be limited to the range of issues that would have been the subject matter of the conciliation efforts between EEOC and the employer in order not to circumvent the primary emphasis of Title VII, i. e. an emphasis upon voluntary settlement of all issues without an action in the district court. *King, supra.*

A determination by this court that plaintiffs' judicial allegation of inferior working conditions was within the scope of EEOC investigation reasonably expected to grow out of the charge of discrimination would clearly extend far beyond even the most liberal interpretation of *Sanchez, supra.*

The plaintiffs cannot be permitted to invoke the special jurisdiction of this court created by Title VII and at the same time present allegations for this court's consideration which have not been the subject of an EEOC investigation as mandated by the Act. Where rights asserted in a court are statutory in nature, compliance with the statute in question is a prerequisite to the commencement of a civil action based thereon.

### Dismissal

Remaining for consideration is defendant's motion to dismiss which alleges that the complaint fails to state a claim upon which relief can be granted.

■ It is clear from the statute that the sex of the plaintiffs must be the basis of the discriminatory conduct. As Judge John L. Miller of this court held in a case with almost identical facts, disparity in treatment not based on plaintiffs' sex is not a valid claim under Title VII. *Jackson and Pollick v. Armstrong School District*, 430 F.Supp. 1050 (W.D.Pa.1977). If plaintiffs coaching female sports are being paid less than individuals coaching male sports, there is no valid claim of gender based discrimination as to these plaintiffs. Here plaintiffs are not being discriminated against because of *their* sex.

Plaintiffs have failed to state a claim under Title VII, and summary judgment for defendant will be granted, as Fed.R. Civ.P. Rule 12(b) mandates that we treat defendant's motion as one for summary judgment, since matters other than the complaint were considered in ruling on the motion.

An appropriate order shall issue.