Arthur L. LENORA, Plaintiff,

v.

KOLLER DIE & TOOL COMPANY, INC., Defendant.

No. 77–C–760.

United States District Court, E. D. Wisconsin.

Feb. 28, 1978.

Chronus & Kotsonis, George N. Kotsonis, Milwaukee, Wis., for plaintiff.

Lindner, Honzik, Marsack, Hayman & Walsh by Robert E. Schreiber, Jr., Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant has moved for dismissal of the complaint and also to strike certain portions thereof. Such motions will not be granted except the motion to strike the portion of the complaint which demands a jury trial. The propriety of the latter motion has been conceded by the plaintiff, and thus the plaintiff's demand for a jury trial will be regarded as withdrawn.

The complaint alleges a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. The complaint charges the defendant with having discriminated against black persons "with respect to compensation, terms, conditions, and privileges of employment." It also asserts that a notification of the right to sue was received from the equal employment opportunity commission after a charge of employment discrimination had been filed with that body.

Although the defendant denominates its motion as one for dismissal, it bases such motion on an exhibit annexed to its brief— such exhibit being the charge made by Mr. Lenora to the equal employment opportunity commission. Accordingly, the defendant's motion will be treated as a motion for summary judgment.

The defendant contends that with the exception of his allegations as to discriminatory wage differentials, Mr. Lenora's other contentions are barred because he failed to include such claims within the charges that he filed previously with the equal employment opportunity commission. It is well established that it is jurisdictionally necessary to raise a claim before the EEOC before submitting it to the federal district court. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); *Moore v. Sunbeam Corp.*, 459 F.2d 811 (7th Cir. 1972). This problem was

more recently considered in *Jenkins v. Blue Cross Mut. Hospital Ins., Inc.,* 538 F.2d 164, 167 (1976), where the court of appeals for this circuit sitting en banc determined that the federal district court could consider whether the discrimination asserted in the court proceedings was "like or reasonably related to the allegations of the charge and growing out" of the allegations made before the EEOC. See *Danner v. Phillips Petroleum Co.,* 447 F.2d 159, 162 (5th Cir. 1971).

At page 168, the court of appeals in *Jenkins* quoted from Judge Bauer's opinion in *Willis v. Chicago Extruded Metals Co.,* 375 F.Supp. 362, 365–366 (N.D.Ill.1974):

"[T]he Civil Rights Act is designed to protect those who are least able to protect themselves. Complainants to the EEOC are seldom lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected . . ..

"[T]he EEOC charges simply stated in laymen's language the 'unfair thing that happened' to the plaintiff, that is, the discriminatory discharge . . . ."

In the case at bar, the court must determine whether Mr. Lenora's charge before the EEOC is reasonably related to the charges made in his complaint in this court. I find that carrying out the policy of being "solicitous of the Title VII plaintiff" necessitates my denying the motion for summary judgment submitted by the defendant.

In his EEOC charge, Mr. Lenora specified discrimination as to wages and also specifically asserted that he was fired because he threatened to report the pay discrepancy; however, he also incorporated therein the general charge that he was discriminated against "on the basis of race, Black." Liberally construed, the latter allegation warranted Mr. Lenora's being entitled to file in this court a complaint charging the defendant with having discriminated against black persons "because of race with respect to compensation, terms, conditions and privileges of employment."

For the same reason that the motion for summary judgment may not be granted, the defendant's motion to strike portions of the complaint will also be denied.

Therefore, IT IS ORDERED that the defendant's motion to dismiss, treated as a motion for summary judgment, be and hereby is denied.

IT IS ALSO ORDERED that the defendant's motion to strike portions of the complaint be and hereby is denied.

IT IS FURTHER ORDERED that the defendant's motion to strike that portion of the complaint demanding a jury trial be and hereby is dismissed as moot.