**Ivory J. BARKSDALE, Plaintiff,**

v.

**R.A. HERMAN, Defendant.**

Civ. A. No. 82–3480.

United States District Court, District of Columbia.

Feb. 22, 1983.

Samuel J. Flanagan, McIntosh, Flanagan & White, Washington, D.C., for plaintiff.

C. Ann Courtney, Sozeen J. Mondlin, Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

Before the Court is a motion by defendant to dismiss, plaintiff's opposition thereto, defendant's reply memorandum, plaintiff's response to defendant's reply, and the entire record herein. Defendant claims three bases for dismissal, which shall be considered in turn.

Defendant contends first that plaintiff's claim under 42 U.S.C. § 1981 should be dismissed because it is time-barred by the applicable statute of limitations, which defendant contends is three years. Plaintiff concedes that the applicable statutory period is three years, but argues that the period was tolled when plaintiff was not informed of the resolution of his Title VII claim by the EEOC. It is clear, however,

from the seminal case of *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295 (1975), that § 1981 and Title VII are separate remedies and that the statute of limitations for the former must be met independently of the handling of administrative charges under the latter. Since plaintiff here did not independently meet the three-year statute of limitations under § 1981, his claim under that statute must be dismissed.

 Defendant next contends that plaintiff's claim under Title VII should be dismissed because he did not properly exhaust his administrative remedies. Specifically, defendant argues that this claim had to be submitted to the District of Columbia Office of Human Rights, but that neither plaintiff nor the EEOC ever did so. This Court is very reluctant to dismiss a discrimination case on such a procedural contention, especially where plaintiff plainly did file a claim with the EEOC. Moreover, plaintiff has demonstrated by affidavit that his claim was submitted to the Office of Human Rights *both* by the plaintiff and by the EEOC. Accordingly, the Court shall not dismiss plaintiff's claim under Title VII.

Finally, defendant argues that the Court lacks jurisdiction over defendant R.A. Herman because he was not named in plaintiff's EEOC charge.[1] This argument is well taken, since it *is* important for defendants to have an opportunity to negotiate or to defend themselves before a case goes to court. However, the mere fact that plaintiff named in his complaint "R.A. Herman In His Official Capacity As President, Washington Terminal Co." should not be enough to defeat his claim against the Washington Terminal Company. Accordingly, the Court shall grant leave to plaintiff to amend his complaint to name the Washington Terminal Company as defendant in place of Mr. Herman.

In conclusion, it is, by the Court, this 18 day of February, 1983,

ORDERED that plaintiff's claim under 42 U.S.C. § 1981 should be, and hereby is, dismissed, and it is

FURTHER ORDERED that plaintiffs claim under Title VII shall not be dismissed, and it is

FURTHER ORDERED that plaintiff shall have until February 28, 1983 to amend his complaint to name the Washington Terminal Company as defendant in place of Mr. R.A. Herman.

---

1. In this contention, defendant appears to overlook the fact that plaintiff also attempted to state a claim against Mr. Herman under 42 U.S.C. § 1981. Were the Court not to dismiss that claim, suit against Mr. Herman would be entirely proper.