Usha SCHAFFRATH, Plaintiff,

v.

AKRON/SUMMIT/MEDINA PRIVATE INDUSTRIAL COUNCIL, et al., Defendants.

No. C87–73–A.

United States District Court, N.D. Ohio, E.D.

Dec. 14, 1987.

William R. Holland, Gillen & Holland, Akron, Ohio, Kurt A. Schaffrath, Medina, Ohio, for plaintiff.

Douglas J. Powley, Assit. Dir. of Law, Akron, Ohio, for defendants.

## ORDER

BELL, District Judge.

Plaintiff, Usha Schaffrath, filed this action on January 12, 1987, claiming that defendants the Akron–Summit–Medina Private Industrial Council (PIC), Robert Taylor and the City of Akron discriminated against her in her employment with PIC on the basis of age, gender and race. Plaintiff alleges jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, certain Federal Executive Orders, including but not limited to Order No. 11246, § 6 of the Equal Pay Act of 1963, as amended, 19 U.S.C. § 206, Ohio Revised Code §§ 4101.-17 and/or 4112.02(A) and (N) (1980) and the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1983.

Pending before this court is defendants' motion for dismissal and summary judgment. Plaintiff has responded in opposition to certain arguments raised by the defendants while moving to dismiss other claims raised in the complaint. Plaintiff has moved to dismiss with prejudice all claims for relief pursuant to Federal Executive Orders. Additionally, plaintiff has moved this court to dismiss, without prejudice, the pendant state claims alleging age discrimination and finally, plaintiff has moved this court to dismiss, with prejudice, all § 1983 claims. These motions are granted. Accordingly, all references to age discrimination, § 1983, and Federal Executive Orders are hereby stricken from the complaint and Counts III and IV are hereby dismissed.

The first issue the court will address is defendants' claim that they are entitled to judgment as a matter of law on plaintiff's Title VII claim. The defendants first seek summary judgment on the issue of whether

defendants, the City of Akron and the PIC, are proper parties to this action. Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the party moving for summary judgment has the burden of showing that no genuine issue of material fact exists and that as a matter of law, it is entitled to summary judgment. In reviewing a motion for summary judgment, a court must consider the pleadings, related documents and evidence and all reasonable inferences in a manner most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Smith v. Hudson,* 600 F.2d 60 (6th Cir.1979); *cert. dismissed,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Board of Ed. Cincinnati v. Department of H.E.W.,* 532 F.2d 1070 (6th Cir.1976). The inquiry performed at this stage concerns whether a trial is required to resolve genuine factual issues. "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, ——, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986) (citations omitted).

In this suit plaintiff is attempting to expand the scope of her administrative challenge by adding additional respondents in her judicial complaint. In 1985 plaintiff filed a series of eleven complaints with the Equal Employment Opportunity Commission (EEOC). In her charges plaintiff named Robert Taylor, PIC Executive Director, as the respondent. The plaintiff did not name the PIC or the City of Akron in these charges of discrimination.

A Title VII action is a statutory action. The Act, in explicit language, requires certain procedural and administrative prerequisites before suit may be initiated in the district court: (1) the service of a charge or notice of filing of charge on the employer, (2) the investigation of the charge, (3) the determination of whether, based on the results of the investigation, there is reasonable cause to believe the charge is true, and (4) if reasonable cause is found, an attempt to eliminate allegedly unlawful practices by conciliation. 42 U.S.C. §§ 2000e–5(b), 2000e–5(f)(1).

It is thus clear that a charge of discrimination is not filed solely as a preliminary to a lawsuit. The purpose of the charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. *EEOC v. Bailey Co.,* 563 F.2d 439 (6th Cir.1977).

▌ The general rule is that the naming of a defendant in an EEOC charge is a prerequisite to a Title VII action against that party in a subsequent federal judicial complaint. 42 U.S.C. § 2000e–5(f)(1). *Vogel v. Torrance Board of Education,* 447 F.Supp. 258 (C.D.Cal.1978). The purpose of naming the defendant in the EEOC charge is twofold. First, it notifies the charged party of the alleged violation and secondly, it brings the charged party before the Commission thus furthering the Act's primary goal, *i.e.,* resolution through voluntary compliance. *Curran v. Portland Superintending School Committee,* 435 F.Supp. 1063 (D.Me.1977). However, this rule is not absolute. Certain factors are to be considered when determining whether the judicial complaint in a Title VII action may name individuals not named in the EEOC charge of discrimination. These factors are: (1) whether, through reasonable effort by the complainant, the role of the unnamed party could have been ascertained at the time of the Commission charge; (2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation it would be unnecessary to include the unnamed party in the Commission proceedings; and (3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party in the Commission proceedings. No one of these factors is determinative, but rather, each must be weighed to arrive at an equitable determination. *See e.g. Glus v. G.C. Murphy Co.,* 629 F.2d 248 (3d Cir. 1980).

■ It is uncontroverted that the defendants, PIC and City of Akron, were not named in the plaintiff's charge of discrimination to the Commission. When applying the above factors it is clear that plaintiff could and should have ascertained these defendants' role (if any) at the time of the filing of the initial Commission charge. This finding, however, is not determinative standing alone. The second factor carries greater weight in view of the facts before the court. The interests of the named party, *i.e.*, defendant Taylor, and the PIC, the organization for which Taylor is the executive director are so similar that for the purposes of the statutorily mandated conciliation attempts, PIC would necessarily be included in the Commission proceedings. As to the third factor, the PIC's absence from the proceedings would not have resulted in actual prejudice to it since its executive director was fully apprised of the pending charges and was privy to any conciliation attempts.

■ These last two factors do not, however, mandate the inclusion of the City of Akron in the proceedings before this court. Defendant City was not plaintiff's employer and charges brought against the executive director of PIC would not necessarily included the City in any subsequent commission proceedings, and the City's absence from such proceedings would have resulted in prejudice to the City. Under the circumstances of this suit the interests of the named party, *i.e.*, Robert Taylor, and the City of Akron are neither identical nor so similar that it would have been unnecessary to include the City of Akron in a conciliation proceedings. The City's absence from the charge and any subsequent investigation was clearly prejudicial to it. It was denied the opportunity to assess any charges against it and to participate in a voluntary resolution of the matter. It is important for defendants to have an opportunity to negotiate or to defend themselves before a case goes to trial. *Barksdale v. Herman,* 558 F.Supp. 87, 88 (D.D.C.1983). Accordingly, since plaintiff has failed to exhaust her administrative remedies, this court lacks jurisdiction over all Title VII claims against the City of Akron.

■ Next the defendant seeks summary judgment on all issue of discrimination based on ethnic or national origin alleging that these charges were not brought before the EEOC. In her charges, Ms. Schaffrath failed to mark the box designated "national origin" when specifying the type of discrimination she believed she had suffered. This omission standing by itself is not fatal to the plaintiff's suit. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir. 1970). The purpose of the charge of discrimination is to trigger the investigatory and conciliatory procedures of the EEOC. *EEOC v. Bailey, supra.* The charge need only, under § 706, initiate the EEOC investigation, it need not state facts sufficient to present a *prima facie* case. The parenthetical clause in § 706(a) simply requires an allegation sufficient to give the EEOC notice of what it is to investigate, as well as, put the employer on notice of the practice or violation with which it is charged. *Kenneweg v. Hampton Township School District,* 438 F.Supp. 575 (W.D.Pa.1977).

Indeed, it is well established that when an employee seeks relief in district court for incidents not included in her original charge to the EEOC, the judicial complaint may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including acts occurring during the pendency of the charge before the EEOC. *Sanchez v. Standard Brands, Inc.,* 431 F.2d 455 (5th Cir.1970); *Tipler v. E.I. DuPont,* 443 F.2d 125 (6th Cir.1971); *Willis v. Chicago Extruded Metals Company,* 375 F.Supp. 362 (N.D.Ill.1974).

However, it is equally clear that the requirements found in § 703 of Title VII, 42 U.S.C. § 2000e–2 of timely notice to an employer of a charge filed with the EEOC alleging employment discrimination embodies due process guarantees. Evidence of the legislative intent indicates a concern for the fair treatment of employers. *Id.*

Thus, these two competing policies must be balanced when deciding whether a material variance exists between those charges filed with the EEOC and the allegations of a subsequent judicial complaint. The first

is that the EEOC charge must adequately inform the Commission of the nature of the discriminatory practices complained of to enable it to attempt the conciliation process contemplated by the Act. If a plaintiff were permitted to bypass the conciliation procedures of the Act by filing a civil action based upon allegations unrelated to the EEOC charge, it would frustrate the goals of the Act, which, *inter alia,* contemplates informal voluntary resolution of the issues, with formal litigation remaining a last resort. Accordingly courts have held that a judicial complaint cannot be predicated on entirely new unlawful practices which were not presented to or considered by the Commission. *Willis, supra.*

The second of the competing policies is the recognition that the Act was designed to protect those individuals who are least able to protect themselves. These individuals may well be unschooled and unsophisticated in legal subtleties and technicalities. To compel such individuals to articulate specifically the full panoply of discrimination that they may have suffered would be antithetical to the purposes of the Act. Accordingly, courts have ruled that charging complainants do not lose the protection of the Act simply because they are ignorant of or unable to fully describe the exact nature of the discrimination they claim to have suffered.

■ This discussion brings us to the issue of whether or not Ms. Schaffrath may seek judicial relief for alleged incidents and/or employer practices of national origin discrimination even though she failed to include such allegations in her charge to the commission. In the instant case, it is uncontroverted that the only issues which were actually investigated by the Commission were those involving race and gender. There was no investigation and consequently no attempted conciliation of any claims of discrimination based upon Ms. Schaffrath's national origin. Plaintiff's charge triggered an investigation into allegations that Robert Taylor discriminated against her on the basis of her race, which is undisputedly Caucasian, and her gender. This investigation would have been the basis of any attempted conciliation. Now the plaintiff petitions this court to assume jurisdiction over her newly raised claim of discrimination based upon national origin. This issue was never before the Commission.

In the present suit the Commission investigated only racial and gender discrimination. This is not a situation where a narrow charge was amplified by a broader Commission investigation and subsequent conciliation attempts. Defendants did not have notice prior to the filing of the judicial complaint that discrimination based upon national origin was at issue and, consequently no opportunity for voluntary compliance of that issue was afforded them. The effect of inclusion in the administrative investigation is crucial since discrimination based upon national origin can be different in premise and kind from racial or gender discrimination. While racial discrimination and discrimination based upon national origin can be quite similar if not overlapping in some factual situations as where the complaintant is alleging racial discrimination on the basis of being a member of the Black race, such is not the case here. Most Black Americans trace their ancestry through Africa and discrimination based upon national origin and racial discrimination can be and often are identically motivated. However, plaintiff claimed discrimination based on the fact that she is a Caucasian; this is quite different from claiming discrimination based upon national origin. Before this court plaintiff now claims she has suffered discrimination as a result of her Asian heritage and Indian ancestry. This claim was not raised before the Commission.

Under such circumstances, Ms. Schaffrath's claims of discrimination based upon national origin are inappropriate for litigation because investigation and conciliation have not been accorded their proper role. *EEOC v. Kimberly–Clark Corp.,* 511 F.2d 1352 (6th Cir.1975) *cert. denied,* 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368 (1975). To allow plaintiff an unrestrained ability to litigate allegations of discrimination which were neither included in the Commission charge, nor investigated by the Commission, would frustrate the statutory scheme of informal persuasion and voluntary com-

pliance. Without limitations, the importance of EEOC conciliatory procedures would be diminished and employers would be denied an opportunity to resolve disputes by settlement rather than by litigation. *Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184 (D.Md.1977). In the present case, the investigation of national origin discrimination cannot be said to have been reasonably expected to grow out of Ms. Schaffrath's race and sexual discrimination charges.

Having found that the additional claim could not have reasonably been expected to be uncovered during the course of the Commission investigation nor is it of the same type and character as the original charges, this court lacks jurisdiction over the claim of discrimination based upon national origin. Such claim is hereby dismissed.

Further, defendants move the court to dismiss plaintiff's entire Title VII claim, as a matter of law. Defendants argue that plaintiff has failed to set forth specific facts showing that there is a genuine issue for trial. While plaintiff's affidavit supporting her response contra the motion for dismissal and for summary judgment is conclusory, it is clear that resolution of some issues raised by the parties depends upon credibility factors. This being so summary judgment is inappropriate. Therefore, the court hereby denies the defendants' motion to dismiss plaintiff's Title VII claims in toto and will hear these claims as limited by the above rulings.

Finally, defendants claim they are entitled to judgment on plaintiff's claim under the Equal Pay Act. Defendants claim that the City of Akron is not plaintiff's employer while plaintiff alleges that the relationship between PIC and the City is such as to render certain employees of the City agents of PIC for the purposes of the EPA. Since plaintiff's claims under the EPA depend upon whether certain employees are to be considered employed by the same employer and this is an issue which is in dispute, the court will reserve ruling on this matter until the completion of the plaintiff's case. At that time the court will determine whether the plaintiff has established the factual predicate to maintain her claims under the EPA.

Accordingly, the court makes the following rulings:

1. Counts I and III of the complaint are hereby dismissed.

2. The motion to dismiss the City of Akron from all Title VII claims is hereby granted.

3. The motion to dismiss all claims of discrimination based upon national origin is hereby granted.

4. Defendants' motion to dismiss plaintiff's entire Title VII claim is hereby denied.

5. The motion to dismiss Count II is hereby reserved until the completion of the plaintiff's case.

IT IS SO ORDERED.