**Thelma GREENE, Plaintiff,**

v.

**TERM CITY, INC. f/k/a RTO, Inc., d/b/a RTO Rents, Henri Van Dam and Terry Fleck, Defendants.**

No. 93 C 1517.

United States District Court,
N.D. Illinois, E.D.

Aug. 3, 1993.

Barry Alan Schultz, Julie Anna Helmick, Barry Gene Lowy, Schultz & Winick, Chicago, IL, for plaintiff.

Gerald L. Maatman, Jr., John Manion McGarry, Baker & McKenzie, Chicago, IL, for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The plaintiff has filed a three-count complaint pertaining to her employment with

defendant Term City from February 1989 to September 10, 1991, the date she was terminated. Term City is a defendant in all three counts, and two Term City managers (Henri Van Dam and Terry Fleck) are defendants in Counts II and III. In Count I, the plaintiff alleges that she was terminated because of her age in violation of the ADEA. In Count II, the plaintiff alleges sexual discrimination that resulted in her termination and that defendant Term City created a sexually hostile environment from "September of 1990 until approximately September of 1991." (Compl. Count II ¶ 11.) In Count III, the plaintiff alleges disparate treatment because of her religion. Although not specifically cited, Title VII of the Civil Rights of 1964 is the apparent basis of Counts II and III. For example, the complaint alleges that Term City is an "employer" as defined in Title VII, and that the plaintiff has exhausted all procedural and administrative requirements for a Title VII claim.

The defendants have filed a motion to dismiss all claims arising pursuant to the 1991 Civil Rights Act; all claims against defendants Van Dam and Fleck in their individual capacities; and all claims not specifically raised in the EEOC/IDHR charge, including the sexually hostile work environment and religious discrimination/harassment claims. For the reasons discussed below, the motion to dismiss is granted in part and denied in part.

### Discussion

(1) *Applicability of the 1991 Civil Rights Act.*

■ In *Hangebrauck v. Deloitte & Touche,* 1992 WL 348743, at *7, 1992 U.S. Dist. LEXIS 17506, at *24 (N.D.Ill.1992) (Duff, J.), this court held that the 1991 Civil Rights Act, which amended Title VII of the Civil Rights Act of 1964, "does not apply retroactively to cases where the conduct complained of predates the Act, regardless of the date the charge was filed." *See also, Williams v. Carson Pirie Scott,* 1992 WL 229849, at *2, 1992 U.S. Dist. LEXIS 13643, at *8 (N.D.Ill.1992) (Shadur, J.) ("Decisions from our Court of Appeals dealing with what has been called retroactivity under the 1991 Act contain what are at least strong signals that employer conduct that preceded the statutory amendment will continue to be controlled by pre-amendment law, even if sued on afterwards.") In the case at bar, the plaintiff was terminated on September 10, 1991—approximately two months before the November 21, 1991 effective date of the 1991 Civil Rights Act.

Prior to the enactment of the 1991 Civil Rights Act, compensatory and punitive damages and jury trials were not available under Title VII. *Hangebrauck,* 1992 WL 348743 at *7, 1992 U.S. Dist. LEXIS at *20. Accordingly, plaintiff's demand for compensatory and punitive damages and a jury trial on her Title VII claims (Counts II and III) is inappropriate and is therefore dismissed with prejudice.

(2) *The claims against Van Dam and Fleck in their individual capacities.*

■ As explained in *Hangebrauck,* "[t]his court adheres to the view that individual capacity suits under Title VII are improper" in pre–1991 Civil Rights Act cases. *Hangebrauck,* 1992 WL 348743 at *3, 1992 U.S. Dist. LEXIS at *10–11. As noted above, the 1991 Civil Rights Act is not applicable to the case at bar. Accordingly, all claims against Van Dam and Fleck in their individual capacities are hereby dismissed with prejudice.

■ These claims could also be dismissed since neither of these individuals was named in the plaintiff's EEOC charge, and "[o]rdinarily, a party not named in an EEOC charge may not be sued under Title VII".[1]

---

1. The actual EEOC charge is not attached to the complaint. It is, however, attached to both the motion to dismiss and the plaintiff's response brief. Furthermore, it is referred to in the complaint and is central to the plaintiff's claim. Accordingly, the court deems the EEOC charge to be part of the pleadings. *See Venture Associates v. Zenith Data Systems,* 987 F.2d 429, 431 (7th Cir.1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim"). All other exhibits attached to the plaintiff's response brief are inappropriate in connection with a Rule 12(b)(6) Motion. However, because the court does not want to convert defendant's motion to

*Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989). An exception to this general rule exists where "an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation aimed at voluntary compliance." *Eggleston v. Chicago Journeymen Plumbers, Etc.*, 657 F.2d 890, 905 (7th Cir.1981). However, no allegations in the complaint nor arguments in the plaintiff's response brief suggest that Van Dam or Fleck was given the opportunity to participate in conciliation aimed at voluntary compliance. Hence, they do not fall within this exception.

(3) *The expansion of the plaintiff's claims to include matters beyond the literal language of her EEOC/IDHR charge.*

In her EEOC/IDHR charge, the plaintiff stated that the "earliest" date of alleged discrimination was "9/10/91", and that the "latest" date of alleged discrimination was also 9/10/91. This was the date that plaintiff was terminated. In the factual narrative of the EEOC/IDHR charge, plaintiff describes her grievance as follows:

> I believe that I have been discriminated against in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967, as amended in that I complained of Ageist [sic] and Sexist remark [sic] made by the Respondent's Chief Operating Officers, and was subsequently discharged.

██ In Counts II and III of the plaintiff's complaint, she asserts several claims that exceed the literal language of her EEOC/IDHR charge, including: a sexually hostile work environment from September 1990 to September 1991; religious harassment from September 1990 to September 1991; and religious discrimination related to her termination. As explained by the Seventh Circuit in *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir.1992), there are a number of prerequisites to the successful maintenance of a Title VII claim. One such

requirement is that "the scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC." *Id.* Accordingly,

> [a]n aggrieved employee may not complain to the EEOC of only certain instances of discrimination, and then seek judicial relief for different instances of discrimination. This limitation is consistent with the principle of primary jurisdiction in the agency, for it gives the employer some warning of the conduct about which the employee is aggrieved, and it affords the agency and the employer an opportunity to attempt conciliation without resort to the courts.

*Id.* Claims that are " 'like or reasonably related to the allegations of the charge and growing out of such allegations' " are deemed to fall within the scope of the EEOC charge. *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 864 (7th Cir.1985) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 167 (7th Cir.1976) (en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976)).

(A) *Sexual harassment before the date of termination.*

██ In Count II of the plaintiff's complaint, she asserts that the defendants created a sexually hostile work environment from September 1990 to September 1991. Since the plaintiff's EEOC/IDHR charge listed her date of termination, 9/10/91, as the only date discrimination took place, the defendants argue that the claim of a hostile work environment is an additional claim outside the scope of the charge over which this court has no jurisdiction. The plaintiff's EEOC/IDHR charge, however, did state that she had complained of ageist and sexist remarks, and it did not specify when those remarks were made. The plaintiff's complaint explains in more detail what types of remarks were made, including but not limited to sexually suggestive oral statements, gender specific sexually explicit statements, and derogatory oral statements to and concerning female employees. (Compl. Count II ¶ 12.) This

---

dismiss into a premature summary judgment motion, this court has excluded these other exhibits. *See* Charles Wright & Arthur Miller, 5A *Federal*

*Practice and Procedure:* Civil 2d § 1366 (West Publishing, 2d ed. 1990).

series of offensive sexually oriented remarks is the basis for the plaintiff's hostile work environment claim. (Compl. Count II ¶ 16.) This connection alone leads this court to believe that the sexual harassment allegations in the complaint are "like or reasonably related to" the statements in the EEOC/IDHR charge.

■ Additionally, since it is laypersons who draft their own EEOC charges, a lenient standard is to be applied in interpreting the scope of these charges. *See Rush v. McDonald's Corp.*, 966 F.2d 1104, 1111 (7th Cir.1992); *Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). As was explained by the Seventh Circuit,

> [t]he Civil Rights Act is designed to protect those who are least able to protect themselves. Complaintants [sic] to the EEOC are seldom lawyers. To compel the charging party to specifically articulate in a charge filed with the Commission the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected.

*Jenkins*, 538 F.2d at 168 (quoting *Willis v. Chicago Extruded Metals Co.*, 375 F.Supp. 362, 365–66 (N.D.Ill.1974)).

In the case at bar, this court may reasonably infer that the plaintiff did not mean to list "9/10/91" as the earliest date on which discrimination took place. Since the plaintiff wrote in her EEOC/IDHR charge that she had complained of sexist remarks and had not stated when those remarks were spoken, she asserts that the following progression should be inferred: "ageist and sexist harassment was occurring over a period of time … Plaintiff complained about it, and … at some point later, even much later, she was terminated." (Resp.Br. at 6.)

■ This court finds that this plaintiff's sexually hostile environment claim is "like or reasonably related to" her claim of "Sexist" remarks in her EEOC charge, especially in light of the fact that an EEOC charge of discrimination should be construed with the "utmost liberality" to determine if it supports the allegations subsequently set forth in a complaint, *Rush*, 966 F.2d at 1111. Accordingly, the motion to dismiss is denied regarding the sexually hostile work environment from September 1990 to September 1991.

(B) *Religious harassment and discrimination.*

In Count III of the plaintiff's complaint, she asserts religious harassment from September 1990 to September 1991 and religious discrimination related to her termination. It is not disputed that the religion-based allegations of the plaintiff's complaint were never in the original charge filed with the EEOC. Additionally, the plaintiff does not purport that these claims are "like or reasonably related to" the claims of age and sex discrimination. Rather, the plaintiff argues that her religion-based claims were properly presented to the EEOC and that to doom these claims because of agency inactivity would be an injustice. (Resp.Br. at 9.)

Specifically, the plaintiff alleges that she provided the EEOC with documentation supporting her claims for religious harassment and discrimination "during the investigation stage at the administrative level." (Resp.Br. at 6.) Nevertheless, the plaintiff provides no dates as to when the EEOC allegedly was first made aware of these claims, nor does she provide dates as to when the EEOC allegedly began or finished its investigation of the defendant. In her response brief, the plaintiff does provide the court with certain dates. She states, for example, that she filed her Charge of Discrimination with the EEOC on February 28, 1992, and that on May 6, 1992 and July 6, 1992 she provided the EEOC with statements from various witnesses relating to ageist, sexist, and anti-Semitic remarks allegedly made by employees of the defendant. On March 12, 1993 the case at bar was filed, and on March 23, 1993 (11 days *later*) the plaintiff sent a letter to the EEOC asking it to amend her charge to conform it to the information already existing in her file. (Resp.Br. at 2–4.)

While the plaintiff alleges that her failure to promptly amend the EEOC charge is at-

tributable solely to agency inactivity or oversight (Resp.Br. at 9), the fact remains that these matters were never in her EEOC charge. Moreover, there is no indication that the defendants were given notice of these additional religious discrimination/harassment claims before the filing of the instant complaint.

Furthermore, the plaintiff never states when the EEOC investigation of the defendant began or finished. Without this information, it is impossible for this court to determine whether or not the original EEOC investigation could have included inquiry into these additional claims.

 If the EEOC was made aware of these additional claims at an early date in the proceedings, and the defendant was given notice,[2] an administrative oversight on the part of the EEOC would not doom the plaintiff's claim. *Rush*, 966 F.2d at 1112. Before allowing the plaintiff at bar to continue with her religion-based claims, however, she must show that she did not raise these claims so late as to try to circumvent an investigation by the EEOC or deprive the employer of notice of the claims. *See Lindsey v. Baxter Healthcare Corp.*, 757 F.Supp. 888, 899 (N.D.Ill.1991) (Shadur, J.); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128 (7th Cir.1989) (The filing by the plaintiffs of additional charges with EEOC five days before they filed their complaint was an unsuccessful attempt to circumvent the EEOC charge-filing requirement, and to avoid giving notice to the defendant).

In summary, the plaintiff's religion-based claims were not in the EEOC charge and are not "like or reasonably related to" the claims in the charge; there is no indication of any advance notice to the defendants of these claims; nor is there any clear indication that the EEOC had the opportunity to investigate these matters. The claims of religious discrimination and harassment are therefore dismissed without prejudice.

2. *See, e.g., Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 127 (7th Cir.1989) ("First, [limiting the scope of a complaint to the allegations arising from an earlier filed EEOC charge] serves

*Conclusion*

The motion to dismiss is granted with prejudice regarding the claims against Van Dam and Fleck in their individual capacities in Counts II and III. The motion to dismiss is granted with prejudice regarding the claims under the 1991 Civil Rights Act in Counts II and III. The motion to dismiss is denied regarding the sexually hostile work environment claim in Count II. The motion to dismiss is granted without prejudice regarding Count III.

to notify the charged party of the alleged violation. Second, it gives the EEOC an opportunity for conciliation.")