**Shirley WATKINS, Plaintiff,**

v.

**CITY OF CHICAGO, Defendant.**

**No. 97 C 2662.**

United States District Court, N.D. Illinois, Eastern Division.

Jan. 22, 1998.

Jeffrey Grant Brown, Shannon & Brown, Ltd., Chicago, IL, for Plaintiff.

Mary Leone Smith, Joanne Simboli Hodge, Patricia Therese Bergeson, City of Chicago, Law Dept. Corp. Counsel, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

### Background

The plaintiff, Shirley Watkins, sued the defendant, the City of Chicago ("City"), under Title VII of the Civil Rights Act of 1964. In 1991, Ms. Watkins, an African–American woman, applied for a position with the City as a Chicago police officer. The City has a stated policy of not hiring individuals who have been convicted of a felony within ten years of applying to be a police officer. The City disqualified Ms. Watkins for employment based on a previous felony arrest. Ms. Watkins was never convicted of the crimes for which she was arrested. A personnel review board reinstated Ms. Watkins, finding no basis for her disqualification. Ms. Watkins filed a charge with the Equal Employment Opportunity Commission ("EEOC") and this suit followed.

### Scope of EEOC Charge

The City moves to dismiss Ms. Watkins' Title VII disparate impact claim.[1] In her complaint, Ms. Watkins argues that, since African–Americans are arrested more frequently than non–African–Americans, the City's alleged policy of refusing to hire applicants that have been arrested has a disparate impact on African–Americans. Generally, a plaintiff cannot bring claims in a lawsuit that were not included in an EEOC charge. *Cheek v. Western & Southern Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir.1994). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to

---

1. On October 3, 1997, Ms. Watkins voluntarily dismissed her 42 U.S.C. § 1983 claim. In its motion, the City requests Ms. Watkins' prayer for punitive damages be dismissed. Since punitive damages may not be recovered against a municipality, the request is granted. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981).

settle the dispute through conference, conciliation, and persuasion … and of giving the employe[r] [sic] some warning of the conduct about which the employee is aggrieved." *Id.* (citations omitted).

A claim is considered to have arisen out of an EEOC charge "if there is a reasonable relationship between the allegations in the charge and the claims in the complaint, and the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Id.* Courts recognize, however, that complainants to the EEOC are rarely lawyers versed in the technicalities of legal formalities. " 'To compel the charging party to specifically articulate in a charge filed with the [EEOC] the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected….' " *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 168 (7th Cir.1976) (en banc) (quoting *Willis v. Chicago Extruded Metals Co.,* 375 F.Supp. 362, 365–66 (N.D.Ill.1974)).

Although disparate treatment and disparate impact allegations are substantiated using different types of evidence, they are both methods of proving Title VII discrimination and may be plead in a single claim. *Vitug v. Multistate Tax Comm'n,* 88 F.3d 506, 512–513 (7th Cir.1996). Ms. Watkins' EEOC charge clearly alleges discrimination based on disparate treatment. Ms. Watkins alleged she had been disqualified for employment as a police officer with the City due to a previous felony arrest, but that the City's stated hiring policy only disqualified applicants that had a felony conviction. Ms. Watkins claimed discrimination based on race and sex, accusing the City of not disqualifying non–African–American males who had been arrested and charged with felonies, but like Ms. Watkins, not convicted.

While Ms. Watkins' EEOC charge does not use the phrase "disparate impact," a disparate impact theory of discrimination is reasonably related to the allegations in her EEOC charge. Ms. Watkins EEOC charge states she was told by the City "[she] had been disqualified based on the results of a background investigation which indicated that [she] had been arrested and charged with a felony." This allegation sets forth a City policy which, if true, may have a disparate impact on African–Americans. While the City allegedly only had a policy of disqualifying individuals convicted of felonies, Ms. Watkins EEOC charge indicates she was disqualified under a different policy. It is the allegation of this unstated policy in the EEOC charge that supports Ms. Watkins disparate impact theory. Given Ms. Watkins was acting *pro se* at the time she filed her EEOC charge, her disparate impact theory is "reasonably related" to her EEOC charge.

Additionally, a disparate impact theory could reasonably be expected to grow from an EEOC investigation into Ms. Watkins' charges. Ms. Watkins' EEOC charge alleges that the City's stated policy of only disqualifying convicted individuals from police officer jobs was discriminatorily applied to her because she was arrested, but never convicted. It reasonably follows that the EEOC would investigate whether the stated policy was discriminatorily applied and whether there was another, unstated policy that was being applied to individuals who had only been arrested. *See Gomes v. Avco Corp.,* 964 F.2d 1330, 1334–35 (2d Cir.1992) (finding that factual allegations in an EEOC charge, although not expressly asserting a disparate impact theory, could have reasonably alerted the EEOC to such a claim).

### Conclusion

For the foregoing reasons, the City's motion to dismiss Ms. Watkins' disparate impact claim is denied. The City's motion to dismiss Ms. Watkins' request for punitive damages is granted.