**Michael D. BROWN, Plaintiff,**

**v.**

**LIND–WALDOCK & CO., Barry Lind, Ryman Flippen, Ronald Golding, Elliot Bercovitz, Ron Buono, and C. Bovard, Defendants.**

**No. 96 C 8560.**

United States District Court,
N.D. Illinois,
Eastern Division.

March 2, 1998.

Michael D. Brown, Chicago, IL, pro se.

Yvonne Owens, Owens & Associates, P.C., Chicago, IL, for Plaintiff.

Steven H. Adelman, Kathryn Grace Montgomery, Camille N. Khodadad, Lord, Bissell & Brook, Chicago, IL, for Defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

The defendants move to dismiss the plaintiff's claim for violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et. seq.* The defendants argue that the plaintiff, Michael Brown, did not allege a violation of the ADA in his EEOC complaint and thus, can not bring suit under the ADA in federal court. Generally, a plaintiff cannot bring claims that were not included in an EEOC complaint. *Cheek v. Western & S. Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994). "This rule serves the dual purpose of affording the EEOC and the employer an opportunity to settle the dispute through conference, conciliation, and persuasion . . . and of giving the employe[r] [sic] some warning of the conduct about which the employee is aggrieved." *Id.* (citations omitted).

■ Courts recognize, however, that complainants to the EEOC are rarely lawyers versed in the technicalities of legal formalities. " 'To compel the charging party to specifically articulate in a charge filed with the [EEOC] the full panoply of discrimination which he may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected. . . .' " *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 168 (7th Cir.1976) (en banc) (quoting *Willis v. Chicago Extruded Metals Co.,* 375 F.Supp. 362, 365–66 (N.D.Ill.1974)). Accordingly, a civil complaint "may properly encompass any . . . discrimination like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Id.* (internal quotations omitted).

■ In the instant case, Mr. Brown alleges in his EEOC complaint that he was forced to take two leaves from work due to what he terms a "temporary disability." Mr. Brown was fired during his second leave and while under doctor's orders not to return to work. He noted in his charge that the defendants did not allow him to participate in the company's "short term disability plan, thus denying [him] pay for the time [he] was off." (EEOC charge). Mr. Brown only checked the "race" box on the EEOC charge form and stated that he believed he was discriminated against because: 1) non-blacks were paid for work absences due to temporary disabilities, and 2) non-blacks with worse attendance records that his were not terminated.

Based on the totality of Mr. Brown's complaint, it appears a disability claim under the ADA is "reasonably related to the allegations of the [EEOC] charge and grow[s] out of such allegations." *Id.* Allowing Mr. Brown to pursue his ADA complaint will not "frustrate the EEOC's investigatory and conciliatory role." *Cheek,* 31 F.3d at 500. Mr. Brown's EEOC complaint is rife with discussion of his temporary disability, notes he was fired while on a doctor's ordered leave from work, and alleges the defendant did not allow him to participate in a short term disability plan. While Mr. Brown did not specifically check the "disability" box or allege an ADA violation in his EEOC charge, his charge is sufficiently detailed to put the defendants on notice that a complaint for discrimination based on a disability could "grow" from Mr. Brown's allegations.

■ The defendants also argue that since Mr. Brown claimed he only had a "temporary disability" in his EEOC charge, he cannot bring an ADA claim because temporary disabilities are not covered under the ADA. Mr. Brown's complaint in this case states he "was terminated because of a work related disability." (Comp. at 4). On its face, Mr. Brown's complaint states a cause of action under the ADA. In his EEOC charge, Mr. Brown claimed he had a "temporary disability." The cases cited by the defendants do not settle the issue of whether a "temporary disability" is justiciable under the ADA. Further, it is unclear exactly what Mr. Brown's disability is and whether it is actually of a temporary nature. It would be inherently unjust to find that Mr. Brown, who was acting *pro se* when he wrote his EEOC charge, is now barred from bringing an ADA claim because he used the phrase "temporary disability" without understanding either the medical definition of the term or the legal consequences of the phrase. If, after discovery, it is determined Mr. Brown does suffer

from what may properly be called a "temporary disability," the issue of the propriety of his claim may be resolved on summary judgment.

## CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss is denied.